Tbe opinion of tbe Court was delivered by
"Wardlaw, J.
Tbe tendency of modern decisions bas been to efface tbe blemish wbicb Lord Hale observed in tbe law, (2 Hale, 193,) occasioned by tbe strictness required in indictments: but still it is admitted that technical objections, which would be unavailing in civil proceedings, must be allowed in criminal. (1 Leach, 134). Clerical and grammatical errors wbicb do not affect tbe sense, will be ordinarily disregarded, (3 MeC.193): but where tbe omission or addition of a letter makes a change of tbe word, so as to make another word, it becomes material when it occurs in certain parts of an indictment. If it occurs in setting forth an instrument, according to tbe tenor, it vitiates, although tbe sense may not be affected: — as nor for not, (2 Salk. 660): whilst under-tood for understood, would even there be disregarded. (Oowp. 229 ; 1 Leach, 145.) If, as in this case, such omission or addition occurs in setting out those material words of a statute, which must be pursued in describing a statutory offence, a want of the necessary certainty is produced, wherever the meaning is obscured. That the defendant is farther of a bastard child is perhaps nonsensical, certainly ambiguous: — only by intendment and indulgence not allowed in criminal proceedings, could we say that the meaning is, he is the father. It might be different, if the word had been written faether; for that would not be a different word, and would be a provincial corruption of father.
Let the judgment be arrested.
O’Neall, Whitner, Glover and Muítro, JJ., concurred.

Motion granted.